IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

HASON CLEVELAND,

    Plaintiff,

v.                                    Case No. 2:22-cv-00068

BETSY JIVIDEN, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

I.    PROCEDURAL HISTORY

    On February 9, 2022, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights arising out of deprivation of his personal property by staff at the Mount Olive Correctional Complex ("MOCC"). (ECF No. 1). However, he did not pay the applicable filing fee or file an Application to Proceed Without Prepayment of Fees and Costs. Thus, on May 9, 2023, the undersigned entered an Order and Notice directing Plaintiff to either pay the applicable filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") by May 30, 2023. (ECF No. 3 at 1). Plaintiff did neither by the required deadline and has failed to communicate with the Court since he filed his initial Complaint. The undersigned's Order and Notice further warned Plaintiff that the failure to comply therewith would result in

the recommended dismissal of this civil action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (*Id.* at 2). The Order and Notice was mailed to Plaintiff at MOCC, where he is still incarcerated.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Plaintiff failed to comply with the undersigned's May 9, 2023 Order and Notice and has not otherwise communicated with the Court since February of 2022. Thus, he has failed to prosecute this action as required. The responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal, as expressly warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

## III.   FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.  Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

May 9, 2024

Dwane L. Tinsley
United States Magistrate Judge